Filed 1/6/15  In re P.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re P.P. et al., Persons Coming Under the Juvenile Court Law. | C076504 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>V.P. et al.,<br><br>Defendants and Appellants. | (Super. Ct. Nos. JD233125, JD233126, JD233127) |

S.T., the mother, and V.P., the father of the minors P.P., R.P., and Va.P., appeal from the juvenile court's orders denying mother's petition for modification and terminating parental rights.  (Welf. & Inst. Code, §§ 395, 388, 366.26.)[1]  They contend

---

[1]      Undesignated statutory references are to the Welfare and Institutions Code.

1

the juvenile court abused its discretion in denying the petition for modification seeking placement with a paternal second cousin. We affirm.

BACKGROUND

On March 20, 2013, the Sacramento County Department of Health and Human Services (DHHS) filed dependency petitions (§ 300) alleging jurisdiction over five-month-old P.P., 16-month-old R.P., and two-and-a-half-year-old Va.P. The petitions alleged the parents used methamphetamine, and failed to provide adequate housing, medical attention, and supervision of the minors in spite of DHHS providing informal services to them since October 2012. On March 28, 2013, the juvenile court detained the minors in the home of the paternal second cousin L.L.

The juvenile court sustained the petitions and ordered reunification services for both parents in May 2013.

An August 2013 addendum report detailed problems regarding the minors' placement with L.L. The criminal record of L.L.'s estranged husband prevented the kinship unit from granting a waiver. In addition, L.L. gave up her foster parent license in 2007 after a substantiated allegation of misconduct. As a result, the juvenile court removed the minors from L.L.'s home in September 2013. Later that month, L.L.'s brother V.L. offered his home for possible placement of the minors. DHHS began assessing V.L.'s home for possible placement.

The October 2013 six-month report stated noted parents were homeless since July 2013 following their eviction for not paying rent. The parents were dismissed from drug court for noncompliance in July 2013.

In October 2013, the juvenile court terminated the parents' reunification services and set a section 366.26 hearing.

In January 2014, both parents filed section 388 petitions seeking reinstatement of services based on their enrollment in various programs. The juvenile court denied the petitions in February 2014.

2

The February 2014 selection and implementation report noted the minors were placed with a prospective adoptive family that was home study approved. V.L.'s home was assessed for placement, but his six child protective services (CPS) referrals, several arrests, and one misdemeanor conviction were a cause for concern. His home was approved in October 2013, but shortly thereafter V.L. informed a social worker that his family recently purchased a new home and would be moving. The social worker told V.L. to keep DHHS apprised of the move, as the new home would have to be assessed. V.L. did not contact DHHS until January 2014, when he told the social worker that the home purchase he mentioned in October 2013 fell through, but he was closing escrow on another home, which should be ready in early February 2014. V.L. subsequently failed to contact the social worker before the February 2014 report. The social worker declined to recommend placing the minors with V.L. even if the new home was approved based on his criminal history and the CPS referrals.

A March 2014 addendum report stated that V.L. did not call DHHS about the new home until February 18, 2014. V.L.'s lack of timely follow through prevented a more thorough assessment of his home for placement and called into question his ability to work with DHHS.

In April 2014, mother filed a petition for modification seeking the minors' placement with V.L. As changed circumstances, the petition alleged V.L. passed the kinship assessment in April 2014. The petition further alleged placing the minors with a dedicated family member like V.L. was in their best interests.

At a combined section 388 and 366.26 hearing, V.L. testified he had known the minors since birth and saw them most frequently when they lived with his sister L.L. He took them on outings to Chuck E. Cheese's and to a water park, and would pick them up from daycare if L.L. was late from work. He works nights as a lab technician for Kaiser Permanente, and had passed their background checks. His wife worked as a dialysis technician. He had relatives who would assist him during the day. His only criminal

3

conviction happened because his son was falling out of the car as his mother was driving, and V.L. jumped into the car and put the car in park, causing his son's mother to hit her face on the steering wheel.

The kinship social worker testified V.L. was very willing to make changes to his home she required such as putting safety latches on drawers. His home was approved in March 2014, and was immaculate without any concerns. V.L. and his wife also obtained a waiver for criminal history. A waiver was not required for V.L.'s CPS history.

The juvenile court denied the petition for modification as not in the minors' best interests and terminated parental rights with a permanent plan of adoption.

DISCUSSION

The parents contend the denial of mother's section 388 petition seeking placement with V.L. was an abuse of discretion. We conclude the parents lack standing to raise this issue.

Only a person aggrieved by a dependency order may appeal it. (Code Civ. Proc., § 902; *In re Carissa G.* (1999) 76 Cal.App.4th 731, 734.) "An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision. [Citations.]" (*In re K.C.* (2011) 52 Cal.4th 231, 236.) " '[T]he mere fact a parent takes a position on a matter at issue in a juvenile dependency case that affects his or her child does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on it.' [Citation.]" (*Id.* at p. 239.)

Once reunification services are terminated, as they were here, a parent's interest in the care, custody, and companionship of the child is no longer paramount. Instead, the focus shifts to the needs of the child for permanency and stability. (*In re K.C., supra*, 52 Cal.4th at p. 236.) The issue of appropriate placement of the minor is not before the court at a section 366.26 hearing. The issues before the juvenile court at a section 366.26 hearing are: (1) whether the minor is adoptable; and (2) whether any exceptions to

4

adoption apply. (§ 366.26; *In re Christopher M.* (2003) 113 Cal.App.4th 155, 160.) Thus, "[a] parent's appeal from a judgment terminating parental rights confers standing to appeal an order concerning the dependent child's placement only if the placement order's reversal advances the parent's argument against terminating parental rights." (*In re K.C., supra,* at p. 238.)

At the combined section 388/366.26 hearing, the parents entered general objections to the termination of parental rights based on the parent/child relationship exception to adoption. The juvenile court found the parent/child relationship exception did not apply. The issue of with whom the minors should be placed does not affect this finding. In addition, the parents do not contest the termination of their parental rights in this appeal. Since the denial of mother's section 388 petition did not affect the juvenile court's termination order and the parents do not contest the termination order, they lack standing to raise the denial of the section 388 petition in this appeal.[2] However, since the parents appeal from appealable orders, we affirm the orders rather than dismiss the appeal.

DISPOSITION

The juvenile court's orders are affirmed.

   NICHOLSON  , J.

We concur:

  BLEASE   , Acting P. J.

  HULL    , J.

---

[2] Mother contends she is aggrieved by the denial of her section 388 petition because "[s]he tried to leave her children in the best setting possible with family members who will honor the children's heritage." That interest has no effect on the order terminating parental rights and is therefore not cognizable in this appeal.

5